UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLUMBIA DATA PRODUCTS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AUTONOMY CORPORATION LIMITED, ) <br> IRON MOUNTAIN INCORPORATED, ) <br> and IRON MOUNTAIN INFORMATION ) <br> MANAGEMENT, INC., ) <br> ) <br> Defendants. ) | Civil Action No. 11-12077-NMG |

## JOINT MOTION TO FURTHER AMEND SCHEDULING ORDER

On October 16, 2012, this Court allowed Plaintiff Columbia Data Products, Inc. ("CDP") and Defendants Autonomy Corporation Limited, Iron Mountain Incorporated, and Iron Mountain Information Management, Inc.'s ("Defendants") joint motion to amend the scheduling order. The motion to amend was the parties' first request to extend the dates set forth in the scheduling order. In its October 16, 2012 Order, the Court allowed the motion and stated that "no further extensions of time deadlines will be allowed." (Docket Entry No. 50).

Since the Court issued its Order, the parties have worked diligently to conduct discovery with the understanding that the Court would not allow any additional amendments to the scheduling order.

Unfortunately, due to unforeseen complications – described in more detail below – the parties do not believe they can complete fact discovery by June 14, 2013, and respectfully request a one-month extension of the fact discovery deadline and a brief extension of certain other pre-trial deadlines. The parties' request does not change the April 2014 trial date.

1

In further support of their joint motion, the parties state as follows:

1. CDP has alleged in the Complaint that Defendants wrongfully copied and shipped CDP's computer software, thereby infringing upon Defendants' copyrights, breaching a license agreement between CDP and Defendants, and breaching the implied covenant of good faith and fair dealing. CDP also alleges that Defendants' conduct was unfair and deceptive, and violated Mass. Gen. Laws ch. 93A. Defendants deny any liability to CDP.

2. Discovery in this case has been complicated by several factors. First, the merger, purchase, and sale of certain entities affiliated with Defendants has complicated and delayed the retrieval and production of documents responsive to CDP's requests. Shortly after CDP entered into the underlying license agreement with Connected Corporation ("Connected"), Connected was purchased by and thereafter merged into Iron Mountain Information Management. In 2011, Iron Mountain's digital division, which included the Connected assets and liabilities, was sold to Autonomy Corporation Limited ("Autonomy"). In 2012, Hewlett Packard purchased Autonomy. The various mergers and acquisitions involving Connected have added complexity to Defendants' efforts to collect and produce documents.

3. Second, the abbreviation for Columbia Data Products, "CDP," is identical to the abbreviation for one of Defendants' products ("Connected Data Protector") and abbreviation for the generic term used in the industry for a product included in backup software ("Continuous Data Protection"). The fact that the abbreviation for the plaintiff in this case is the same as the abbreviation for two products regularly referenced by Defendants has made the search and review of Defendants' documents time-consuming.

4. Third, the parties have each requested (and have each agreed to produce) extremely sensitive "source code" information for the software at issue in this case. Because the

disclosure of the parties' source code to third parties would create a substantial risk of irreparable harm, the parties carefully negotiated a stipulated addendum to the governing protective order to facilitate the exchange of source code, and to ensure that protections and measures are in place to limit the review, use, and dissemination of this sensitive information.  The parties recently filed a joint motion for entry of the source code addendum to the protective order, and anticipate exchanging source code upon entry of the addendum.

5. And <u>fourth</u>, discovery was delayed in December 2012 and January 2013 due to the untimely illness and death of the father of Attorney Jason Baim, counsel for Defendants. Since the Scheduling Conference in early 2012, Attorney Baim has had primarily responsibility for dealing with and addressing discovery issues on behalf of Defendants.

6. Notwithstanding the challenges outlined above, both parties have conducted discovery as expeditiously as possible, and with every effort to complete fact discovery by June 14, 2013.  The parties have reviewed and exchanged in excess of 300,000 pages of documents; served and responded to numerous sets of interrogatories and documents requests; conducted multiple meet and confer conferences (largely avoiding thus far motion practice on discovery issues); obtained discovery from third parties; and deposed several witnesses, including Rule 30(b)(6) witnesses from both parties on a host of topics.

7. Despite these efforts, it is unlikely that the parties will be able to produce all relevant materials, depose all individuals with discoverable information, and review and analyze the parties' source code by June 14, 2013.  The parties believe that a one-month extension of the fact discovery deadline, as well as a brief extension of certain other pre-trial deadlines, will allow the parties to complete fact discovery.

8. The parties' request does not change the April 2014 trial date.

WHEREFORE, the Parties respectfully request that the Court amend the deadlines in the scheduling order as set forth below:

| Event | Old Date | Proposed Date |
|---|---|---|
| Close of Fact Discovery | June 14, 2013 | July 15, 2013 |
| Expert Designation and Disclosures (including Rule 26 Reports) [1] Due | July 31, 2013 | September 13, 2013 |
| Responses to Expert Disclosures Due | September 13, 2013 | October 25, 2013 |
| Expert Designations and Rule 26 Reports Due | September 13, 2013 | NA (*see* note 1). |
| Completion of Expert Depositions | October 15, 2013 | November 22, 2013 |
| Dispositive Motions Due | November 15, 2013 | December 20, 2013 |
| Oppositions to Dispositive Motions Due | December 13, 2013 | January 17, 2014 |
| Final Pretrial Conference | March 2014 (to be set by Court) | same |
| Jury Trial | April 2014 (to be set by Court) | same |

---

[1] The current scheduling order includes separate deadlines for expert disclosures (July 31, 2013), responses to expert disclosures (September 13, 2013), and expert designations and Rule 26 reports (September 13, 2013). In order to clarify the existing scheduling order, the parties propose that the expert designation and Rule 26 report deadline fall on the same day as the deadline for expert disclosures.

Respectfully submitted,

| Counsel for Plaintiff, | Counsel for Defendants, |
|---|---|
| /s/ Zachary C. Kleinsasser<br>Victor H. Polk, Jr., BBO# 546099<br>polkv@gtlaw.com<br>Zachary C. Kleinsasser, BBO# 664291<br>kleinsasserz@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>One International Place<br>Boston, Massachusetts  02110<br>Tel: (617) 310-6000<br>Fax: (617) 310-6001 | /s/ Daniel P. Tighe<br>Daniel P. Tighe, BBO# 55683<br>dtighe@gtmllp.com<br>Scott McConchie, BBO#634127<br>smcconchie@gtmllp.com<br>GRIESINGER, TIGHE & MAFFEI, LLP<br>176 Federal Street<br>Boston, Massachusetts 02110<br>Tel: (617) 542-9900<br>Fax: (617) 542-0900<br><br>Gregory L. Doll, *admitted pro hac vice*<br>Jason Baim, *admitted pro hac vice*<br>Katie Fulsher, *admitted pro hac vice*<br>DOLL AMIR & ELEY, LLP<br>1888 Century Park East, Suite 1850<br>Los Angeles, California 90067<br>Tel: (310) 557-9100 |

Dated: May 8, 2013

## LOCAL RULE 7.1(A)(2) CERTIFICATE

The Parties have filed this motion jointly.

/s/ Zachary C. Kleinsasser

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants on May 8, 2013.

/s/ Zachary C. Kleinsasser